85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Mary K. PRESTANDREA, Debtor-Appellant,
v.
ADVANCE BANK, S.B., Appellee.
 No. 93-3333.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 29, 1996.*
Decided March 1, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Prestandrea filed a petition in the Bankruptcy Court for the Northern District of Illinois under Chapter 13 of the Bankruptcy Code. 11 U.S.C. §§ 1301-1330. This resulted in an automatic stay of Advance Bank's foreclosure action, brought in Cook County Court, against property in which Advance asserted a mortgage interest. See 11 U.S.C. § 362(a). The bankruptcy court then granted Advance's motion, pursuant to 11 U.S.C. § 362(d), to lift the stay. (92 B 27483, included in Appendix to Appellant's Brief.)
 
 
 2
 Prestandrea appealed the bankruptcy court's ruling to the District Court for the Northern District of Illinois. See 28 U.S.C. § 158(a). When Prestandrea failed to file her brief by the May 21, 1993 deadline and waited until July 13, 1993 to move for an extension of time, the district court, upon Advance's motion, dismissed the case for lack of prosecution. (R. 9.) Prestandrea then made a motion in the district court for it to vacate its order dismissing the case. She claimed that due to illness she was not able to defend against Advance's motion to dismiss, and that she had "a good and meritorious defense." She did not, however, specify what that defense was. (R. 11.) The district court denied Prestandrea's motion. (R. 17.) Prestandrea then brought the present appeal in this Court.
 
 
 3
 As Advance points out, the only issues we have jurisdiction to review are whether the district court abused its discretion in dismissing the case for Prestandrea's failure to prosecute and whether it abused its discretion in refusing to vacate its order of dismissal. We do not have jurisdiction to review the merits of the bankruptcy court's decision. See 28 U.S.C. § 158(a), (d) (giving the district courts jurisdiction to hear appeals from bankruptcy courts' decisions and giving courts of appeals jurisdiction to hear appeals from the district courts in such cases). Because the only actions that the district court took in this case were dismissing the case for lack of prosecution and refusing to vacate that order upon Prestandrea's motion, the issues decided by the bankruptcy court are beyond the scope of our review. If the district court properly dismissed for lack of prosecution we must affirm, whereas if it abused its discretion, we are required to remand for it to address the issues that the parties presented in the bankruptcy court.
 
 
 4
 On October 7, 1993 the bankruptcy court dismissed Prestandrea's case. Under 11 U.S.C. § 362(c) an automatic stay of the nature that Prestandrea obtained originally upon filing suit would be dissolved. Because the only issue on review is whether the district court erred in dismissing Prestandrea's case, for failure to prosecute, in which she was arguing that the bankruptcy court improperly lifted the automatic stay, at this point there is no remedy that we can provide Prestandrea. There is no longer an automatic stay that was lifted. Rather there is no automatic stay at all. Therefore, even if we provided Prestandrea the relief she requests and send the case back to the district court for it to decide the merits, there is no relief they can give her, because its jurisdiction was limited to deciding whether the bankruptcy court properly lifted the automatic stay--an automatic stay that no longer exists or is able to be reinstated.
 
 
 5
 The jurisdiction of federal courts is limited to cases in which the parties have a stake in the outcome. Jordon v. Indianapolis High School Athl. Assoc., Inc., 16 F.3d 785, 787 (7th Cir.1994). Because of the bankruptcy court's dismissal, Prestandrea does not stand to gain or lose anything based upon our decision and as such does not have a stake in the outcome of the present appeal.
 
 
 6
 The case is dismissed as MOOT.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Debtor-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record